IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| J&J SPORTS PRODUCTIONS, INC., § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION NO. 5:13-CV-01024-XR |
| § | |
| ESTEBAN BECERRA ALANIZ § | |
| a/k/a ESTEVAN ALANIZ, individually § | |
| and d/b/a LA COMARCA § | |
| MEXICAN RESTAURANT, § | |
| § | |
| *Defendants*. § | |

## ORDER

Before the Court is Plaintiff's Motion for Default Judgment. Doc. No. 7. Plaintiff J&J Sports Productions, Inc. ("J&J") seeks a default judgment on its claims against Defendant ESTEBAN ALANIZ for alleged violations of the Communications Act of 1934. After due consideration, the Court GRANTS the motion.

## BACKGROUND

J&J was granted the exclusive contractual right to broadcast the closed-circuit telecast of the November 13, 2010, Pacquiao/Margarito Fight Program. J&J sub-licensed the right to exhibit the fight to various bars and restaurants. Defendant Alaniz owned and operated a sports bar in San Antonio, Texas, known as La Comarca Mexican Restaurant. On November 8, 2013, J&J filed an original complaint in this Court alleging that Defendant knowingly and willfully violated §§ 553 and 605 of the Communications Act.[1] Doc. No. 1. J&J alleges that Defendant exhibited the fight without contracting with or paying J&J for the privilege of doing so. *Id.* J&J

---

[1] *See* 47 U.S.C. §§ 553 & 605 (prohibiting broadcast piracy).

1

seeks damages, a permanent injunction, and the full costs and expenses of this litigation, including reasonable attorney's fees. *Id.*

On December 20, 2013, Defendant Alaniz was served, and Defendant has not answered or otherwise appeared. Doc. No. 5. On January 28, 2014, J&J filed this motion for default judgment against Alaniz.[2] Doc. No. 7. On February 4, 2014, the Clerk entered default against Alaniz. Doc. No. 8.

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 55(a), a default judgment is proper "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." FED. R. CIV. P. 55(a). A defendant's failure to respond constitutes an admission of the plaintiff's well-pleaded factual allegations that relate to liability, but not damages. *Jackson v. FIE Corp.*, 302 F.3d 515, 524–25 (5th Cir. 2002). A default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." FED. R. CIV. P. 54(c). A hearing to determine the amount of damages is unnecessary when that amount can be determined "with certainty by reference to the pleadings and supporting documents alone." *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993) (quoting *Frame v. S-H, Inc.*, 967 F.3d 194, 204 (5th Cir. 1992)).

There are three relevant damages provisions in § 605 of the Communications Act: § 605(e)(3)(C)(i)(II), § 605(e)(3)(C)(ii), and § 605(e)(3)(B)(iii). Section 605(e)(3)(C)(i)(II) allows for the recovery of statutory damages "of not less than $1,000 or more than $10,000" for violations of the Act. 47 U.S.C. § 605(e)(3)(C)(i)(II). Section 605(e)(3)(C)(ii) gives the court the discretion to award additional damages "by an amount of not more than $100,000 for each

---

[2] "[W]hen entry of default is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties." *Sys. Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 324 (5th Cir. 2001) (quoting *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986)). The Court has reviewed the return of service and the pleadings and concludes that it has personal jurisdiction over Defendant Alaniz and subject matter jurisdiction over the claim.

violation" if the court finds "that the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain." 47 U.S.C. § 605(e)(3)(C)(ii).  The final provision, § 605(e)(3)(B)(iii), provides that courts "shall direct the recovery of full costs, including reasonable attorneys' fees to an aggrieved party who prevails." 47 U.S.C. § 605(e)(3)(B)(iii).

## DISCUSSION

Because default was entered against Defendant Esteban Alaniz, the Court accepts all well-pleaded factual allegations relating to his liability as true. *Jackson v. FIE Corp.*, 302 F.3d 515, 524–25 (5th Cir. 2002).  Thus, the Court finds that J&J was granted the right to distribute the fight and that Alaniz willfully exhibited the fight without authorization from J&J.  Based upon these admitted allegations,[3] this Court concludes that the Motion for Default Judgment should be granted.  Doc. No. 7.

In its motion, J&J has limited the recovery sought to violations of § 605 of the Communications Act.  This provision provides that "the party aggrieved may recover an award of statutory damages for each violation of subsection (a) of this section involved in the action in a sum of not less than $1,000 or more than $10,000, as the court considers just." 47 U.S.C. 605(e)(3)(C)(i)(II).  The affidavit of J&J's investigator indicates that on the night of the fight there were approximately 74 patrons at Alaniz's establishment at various times.  Doc. No. 7, Ex. A-2.  According to J&J's "Rate Card," for an establishment with a capacity of between 0 and 100 people, Esteban Alaniz would have had to pay $2,200 to legally exhibit the fight.  Doc. No. 10, Ex. A-3.  An award of damages for three times the amount of the lawful sub-license fee accounts for "money saved by not complying with the law, as well as any profits made from food

---

[3] The liability allegations are also supported by the affidavit of Stephen Fuchs an investigator for Earl and Associates Professional Services, LLC.  Doc. No. 7, Ex. A-2.  Fuchs states that on the night of the fight, he entered the establishment and observed that the fight was being shown on two television sets therein.  *Id.*

and drink sales associated with customers who stayed and watched the fight." *Joe Hand Promotions v. Garcia*, 546 F. Supp. 2d 383, 386 (W.D. Tex. 2008). Therefore, the Court awards $6,600 in actual damages.

J&J also seeks damages pursuant to § 605(e)(3)(C)(ii), which allows for enhanced damages when the statute is violated "willfully and for purposes of direct and indirect commercial advantage or private financial gain." 47 U.S.C. § 605(e)(3)(C)(ii). By defaulting, Alaniz admits that his violation was committed willfully and for the purposes of commercial advantage and private gain. Doc. No. 1, ¶ 11. As a result, the Court finds that J&J is entitled to additional damages of $5,000 for this willful violation.[4]

Finally, pursuant to § 605(e)(3)(B)(iii), J&J requests attorney's fees in the amount of one-third of the actual damages. In the alternative, J&J requests fees based on the lodestar method.[5] Based upon the lodestar method, the Court awards reasonable attorney's fees in the amount of $1,000. *See Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 546 (2010) (acknowledging that there "is a strong presumption that the lodestar is sufficient."). The Court declines to award attorney's fees and cost for possible future appeals. The Court declines to award injunctive relief.

## CONCLUSION

Plaintiff J&J Sports Productions, Inc.'s Motion for Default Judgment is hereby GRANTED. Doc. No. 7. It is ORDERED that default judgment be ENTERED in favor of

---

[4] The Court is mindful that the purpose of the enhanced damages is to deter and punish piracy. *See Joe Hand Promotions, Inc. v. Garcia*, 546 F. Supp. 2d 383, 386 (W.D. Tex. 2008) ("[T]he Court finds it appropriate to send a strong signal that [illegal piracy] will not be profitable."). However, the enhanced damages "should not be done in a manner [that] imposes an insurmountable financial burden." *Id*; *see Kingvision Pay-Per-View Ltd. v. Lake Alice Bar*, 168 F.3d 347, 350 (9th Cir. 1999) ("Depending on the circumstances, a low five figure judgment may be a stiff fine that deters, while a high five figure judgment puts a bar out of business. The range in the statutory award might allow for a sanction that deters but does not destroy.")

[5] The lodestar method "is applied by multiplying the number of hours reasonably expended by an appropriate rate in the community for the work at issue." *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012).

Plaintiff and against Defendant Esteban Alaniz a/k/a Estevan Alaniz, Individually, and d/b/a La Comarca Mexican Restaurant. Plaintiff shall recover from Alaniz $11,600 in damages and $1,000 in attorney's fees. A separate judgment in favor of Plaintiff shall issue in accordance with Rule 58. Plaintiff is awarded costs and shall file a bill of costs in accordance with the local rules.

    SIGNED this 6th day of March, 2014.

                                                         _____
                                                         XAVIER RODRIGUEZ
                                                         UNITED STATES DISTRICT JUDGE